# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2026

Lyle W. Cayce
Clerk

No. 26-50111

American Sustainable Business Council,

*Plaintiff—Appellee*,

*versus*

Glenn Hegar, *in his official capacity as Texas Comptroller of Public Accounts*; Ken Paxton, *Attorney General, State of Texas*,

*Defendants—Appellants.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-1010

PUBLISHED ORDER

Before Graves, Ho, and Douglas, *Circuit Judges*.

Per Curiam:

IT IS ORDERED that Appellants' opposed motion to stay the injunction pending appeal is GRANTED.

No. 26-50111

James C. Ho, *Circuit Judge*, concurring:

I heartily concur in staying the preliminary injunction pending appeal.

Texas prohibits public entities from engaging with private firms that choose to discriminate in certain ways. In 2017, for example, Texas enacted a law that forbids state agencies from doing business with those that refuse to do business with Israel. And Texas is not alone—a majority of states have enacted such laws. *See* Matthew Impelli, *Map Shows States Where Boycotting Israel is Illegal*, Newsweek (Apr. 29, 2024). Similarly, in 2021, Texas banned state involvement with firms that target the firearms industry. And S.B. 13—the Texas law challenged here—prohibits certain public entities from investing in private funds that refuse to invest in energy companies.

Laws like these have been challenged on First Amendment grounds. But the only circuit to have addressed the merits of such a challenge to date has rejected it. *See Arkansas Times LP v. Waldrip*, 37 F.4th 1386 (8th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 774 (2023).

And rightly so. Indeed, were it otherwise, federal nondiscrimination laws like Title VI of the Civil Rights Act of 1964 and Title IX of the Educational Amendments of 1972 would likewise be in constitutional jeopardy.

So I agree with the Eighth Circuit. And for the same reason, I agree with our court's decision today.

The Supreme Court has long held that Congress may require nondiscrimination as a condition of receiving public funds—and that such laws in no way offend the First Amendment. *See*, *e.g.*, *Grove City College v. Bell*, 465 U.S. 555, 575–76 (1984) (upholding Title IX of the Educational Amendments of 1972 against First Amendment challenge). Likewise, the Court has made clear that Congress may prohibit discriminatory hiring

2

practices, without violating the First Amendment. *See*, *e.g.*, *Rumsfeld v. FAIR*, 547 U.S. 47, 62 (2006) ("The fact that this will require an employer to take down a sign reading 'White Applicants Only' hardly means that the law should be analyzed as one regulating the employer's speech rather than conduct.").

The same principles govern here. S.B. 13 is about spending, not speech. The Constitution permits—and citizens expect—government agencies to care about how public funds are used. State officials have the right to champion nondiscrimination by refusing to engage with those who discriminate. They're allowed to boycott those who boycott others.

So Texas may refuse to invest in private funds that discriminate. And that does not prevent the funds from expressing their viewpoints in any way.

S.B. 13 only regulates conduct, in the form of investment decisions. And investment decisions are not inherently expressive. Restricting conduct "has never been deemed an abridgment of freedom of speech . . . merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." *Id.* *See also Arkansas Times*, 37 F.4th at 1394 ("[Act 710] does not ban Arkansas Times from publicly criticizing Israel, or even protesting the statute itself. It only prohibits economic decisions that discriminate against Israel. Because those commercial decisions are invisible to observers unless explained, they are not inherently expressive and do not implicate the First Amendment.").

So I am gratified that the court today grants the stay of the preliminary injunction pending appeal. I am pleased to concur.